apply when a defendant is 21 years old at the time he commits the offense. This Court has previously considered the statute and held that the date of conviction is the relevant time frame. However, we are asking this Court to reconsider those holdings for two reasons. First, every appellate court that has addressed this question has acknowledged the statute is ambiguous. Therefore, we should look beyond the plain language of the statute to try to effectuate the legislature's intent. And second, this Court's current interpretation of the statute raises serious concerns about arbitrary enforcement and the constitutionality of the statute. Well, didn't Williams look to Barre and say, Barre resolved the ambiguity in the statute, and so it's not ambiguous anymore? So Barre noted that the term convicted of had two different possible applications and applied lenity to find that the application more favorable to the defendant should apply in that case, but they weren't asked to address the instant question. In Barre, before Barre, the defendant never argued that the time of conviction should be applicable. So Barre never really addressed this. So we have a statute that the Barre Court recognized was ambiguous, there was two potential dates there. And then the Fourth District in Douglas has recently recognized another potential date that would be the applicable date for the 21-year time frame. And they focused rather than on the words convicted on the term defendant and said that defendant is a term that is defined by the Code of Corrections and has a specific meaning. It means once someone is charged with an offense. So they concluded, again applying lenity in favor of the defendant, that that was the most favorable interpretation and that the time of charging is the relevant time frame. However, we now can see that there are three different potential applicable dates for this 21-year age requirement that courts have recognized can be determined from the plain language. So I would argue that based on that ambiguity, we have to look beyond the plain language. The plain language doesn't get us there because the courts have recognized three potential analyses or three potential dates that could be found to be the proper date under the plain language. So when the plain language is ambiguous, courts can look beyond the literal language to try to effectuate the legislature's intent. Generally, the focus of a criminal sentencing statute is on the defendant's conduct and on his culpability and his rehabilitative potential at the time he commits the offense. We have to presume that the legislature did not intend arbitrary results. We also have to attempt to control the statute in a manner that preserves its constitutionality. So under the current application of the statute, where the defendant's age at some time of trial affects whether the statute is applicable to him, has the potential for very arbitrary results. The practical effect of basing it on the date of conviction or the date of sentencing rather than on the defendant's age at the time he commits the crime renders the application of the statute dependent on not the defendant's conduct or the defendant's rehabilitative potential or his individual culpability, but rather on arbitrary factors outside of his control, such as the length of the court proceedings. Applying the statute to a defendant who is 21 at the time of the commission of the crime is the only way to alleviate these arbitrary applications. For example, the court's current interpretation allowed an attorney to have to go to trial and not even be able to advise his client pre-trial what sentencing range he is facing, because we don't know if he's going to turn 21 necessarily by the time he's convicted. An attorney might have to forego a pre-trial motion or DNA testing or other forensic investigation and rush his client to trial before he turns 21. Is that a strategic decision for counsel, or is that something that the defendant should be advised of, and should he get to make that choice? But ultimately, all of these strategy concerns have nothing to do with sentencing or with the individual offender's culpability, his individual rehabilitative potential, his actions, his conduct at the time of the crime. So certainly the legislature could not have intended something such as the length of court proceedings to affect the applicability of the statute, of a sentencing statute. Well, is it your position that if the legislature had been more clear and the statute read when a defendant over the age of 21 at the time of sentencing is convicted of etc., etc., that would be constitutionally infirm? I would argue there that there was no ambiguity, because the legislature had made a decision that sentencing is the relevant time frame. But we don't have that here. So the legislature could make that decision? Certainly. Okay. In addition to just the strategic decisions that could result in arbitrary application of the statute, it raises the potential for constitutional concerns. A statute must have a rational basis related to the ills it's trying to affect. And here, when a criminal sentencing statute's application depends on factors outside of a defendant's control and unrelated to his individual culpability, there's no rational reason for that. Why should two defendants, two co-defendants with identical criminal backgrounds and identical birthdays face vastly different sentencing ranges based solely on when their case comes up to trial, based solely on the potential for a crowded docket for an overburdened public defender's office. There's no rational basis for treating those two defendants differently. The potentially arbitrary results here can really only be avoided by interpreting this Class X statute to apply solely to defendants who are over 21 when they commit the crime. That's consistent with our legislature's treatment of age-based sentencing statutes that exclude younger defendants that generally focus on the date of commission rather than some later date. Well, but if you follow Douglas, Douglas really looks at the date of charging. Correct. Again, our position is that the plain language isn't sufficient to really figure out what the legislature is doing here because, again, we have identified at least three potential dates. So I would argue that we should look beyond the plain language. However, if this Court does limit its analysis to the plain language, I think it does have to reconsider its prior decisions in light of the term defendant. And if it is going to follow the Douglas Court, it should follow the Douglas Court because of the rule of lenity, and that is the most favorable date for the defendant. So, again, I... It seems like you want us to edit this statute, not interpret it. Well, it's not editing a statute where we are trying to give the legislature's intention. Did you give us anything to figure out what they were thinking when they passed it? Legislative history? There's no legislative history that specifically speaks to this. So we can look at other sentencing statutes, and in the briefs I noted several statutes that speak to recidivism and speak to age-based sentencing enhancements and how those are treated by our legislature. So the Supreme Court has held we can look at other statutes that address a similar topic. They have gone so far as to hold that you can write in language when that's what's necessary to affect the legislature's intent. So it's not legislating, but it's trying to figure out what the legislature wanted here in the face of an unclear statute, a statute that has been deemed to be ambiguous. I mean, it just... What you want us to do is to interpret it so that because he was under 21 when it was committed and when he was charged, and the statute itself clearly says over the age of 21 years is convicted, not committed or charged. So it seems like you want us to throw a couple more words in there. I would argue that based on the legislature's intent generally with these statutes, that's how it should be read. But again, if this court is looking solely at the language, it has to consider the Douglass decision and the fact that he only became a defendant when he was charged, and he was still 20 at that time. So if this court does not want to look beyond the literal language, I would argue that Douglass does apply. I don't want to get all territorial, but why should we pay attention to what the 4th District says when we've got Berre and Williams, these other cases we can look at? Well, certainly Douglass isn't binding, but I would argue that under the rule of lenity, if there are three viable interpretations, this court is required under lenity to consider the one that's most favorable. I like lenity. Lenity's good. We strictly consider penal statutes in favor of a defendant. So unless... If you were to find that the Douglass interpretation was totally wrong, there's no way you could possibly mean that. That's analysis of, you know, how the code defines the word defendant is just completely wrong. I would say, yes, you could stick with the alternative case law, but if that is a possible interpretation under the statute, then lenity would require following that date because it's most favorable to Mr. Brown. Okay. Therefore, Mr. Brown asks that this court construe the statute to apply only to individuals who are 21 at the time the offense is committed. Unless Your Honor has further questions, is there any remaining comments for rebuttal? Any other questions? All right. Thank you. Mr. Alexander? Good morning, Your Honors. May it please the Court. I am Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. This issue involves an issue of statutory construction. And this court, over 15 years ago, resolved all of the issues that the defendant currently raises. If we look at Beret, this court held that the term conviction meant at the time the defendant was found guilty. After that, in People v. Williams, the court looked to Beret and decided when the defendant raised this exact same issue of whether he was eligible for a class-act sentencing because he was under 21 at the time of the commission of the crime, this court in Williams said that Beret resolved this issue impliedly. Well, what Williams said is that Beret resolved it by implication, not that Beret addressed the issue that was presented in Williams, right? That's correct. But if we look at Beret, it was an order to have found that the defendant was convicted at the time of being found guilty when he had just turned 21. He had to necessarily commit the crime when he was under 21 to begin with. So in finding that the term conviction meant when he was found guilty, this court impliedly ruled that it's not the time of charging or the time of commission that is the operative date. But that wasn't the issue in Beret, really. I mean, the court has to decide a case according to the issues that are raised, and the issue in Beret was if I'm 20 when I'm found guilty but 21 when I'm sentenced and conviction can mean different things, don't I get the benefit of that? It didn't really talk about the implication of a defendant's age either at the time of charging or commission. That's correct, Your Honor. But if we look at how we apply case law, we don't apply case law simply just because the issues were the same. We take cases, we analyze them, and we see if the principle in those cases applies to the situations that we are currently faced with. And in Beret, that's what this court did, and that's what this court continued to do in Williams and in Stokes because this court recognized that it wasn't limited to the arguments raised by the defendants or counsel when they considered the issue. This court could have easily decided that the term neither meant at the time of sentencing or at the time of conviction but at the time of charging, even though those arguments may not have been raised. But this court looked to the language and said that the term conviction meant the time that a defendant is found guilty. And that decision has been affirmed for the last 15 years. Douglas talks about the rule of lenity and statutory interpretation, and it discussed giving effect to the legislature's intent. But what Douglas ignored was the history of the statute after this court decided Beret, Williams, and Stokes. The legislature amended the statute roughly 20 times without changing any of the language. So under legislature of acquiescence, the legislature adopted this court's interpretation of the statute. So under that, that's where we find the legislature's intent. Couldn't the legislature, if it wanted to be clear, have said when a defendant over the age of 21 at the time of the commission of the offense, at the time of the charging of the offense, at the time of conviction of the offense, etc., is convicted of, etc., etc. So when you take that over the age of 21, which is set off by commas, how do we know what the legislature meant? We know because the legislature has not amended the statute at all. The legislature is presumed to act with full knowledge of prevailing case law and the judicial construction of the rules in prior enactments. The rule of legislative acquiescence presumes that the legislature amends the statute with the knowledge of judicial decisions in interpreting those statutes. So we have Beret, Williams, and Stokes being decided by this court. The legislature, presumably aware of these decisions and the judicial interpretation, and for at least 20 amendments, decided not to change the statute. So what that signals is the legislature's intent to adopt this court's interpretation of the statute. And for the past 15 years, courts, prosecutors, defense attorneys, even defendants, because they're presumed to know the law, have been operating under this court's interpretation. Has the statute been amended since Douglas? If I remember correctly, it has not. It was amended in 2014, but I think it predated Douglas. But again, it's our position that Douglas was wrongly decided because it focused solely on the rule of lenity, but disregarded the legislature's intent. Because you can't interpret a statute that has been interpreted for 15 years that has been in front of the legislature for multiple amendments where the legislature has not changed the statute and disregard those facts. That's how we determine what the legislature's intent was. What's happening now is Douglas is resurrecting an ambiguity that has been resolved by this court 15 years ago. Okay, let me ask you a hypothetical. You've got two individuals on a street corner selling drugs. One of them just turned 19. The other one is 19 going on 20. The younger of the two is the one who stops the car, talks to the person in the car, takes the money, and then he turns to his companion, who's just about to turn 20, and says, go get the drugs. So he goes to get the drugs, brings them back, gives them to the other guy who gives them to the customer. Police observe both of them, charge them both on the same day with the same crime, PCS with intent to deliver. They both have backgrounds that, if the statute applies, would make them eligible for Class X sentencing. So they go to trial, and as it turns out, the first defendant is under 21 at the time he is convicted, and the second defendant is over 21 at the time he is convicted. Trial solely by virtue of the passage of time. First defendant, 4 to 30 years. Second defendant, 6 to 60 years. Right? Mm-hmm. What legislative purpose does that serve? Two 19-year-olds arrested on the same day for the same offense. Well, Your Honor, in that hypothetical, I think there is an assumption being made that the legislatures have to act with mathematical precision when defining categories and how to deal with age classifications. This Court, and the Illinois Supreme Court, and the U.S. Supreme Court has always said that when legislatures deal with these types of classifications, they don't have to do it with mathematical precision. There are instances where it may seem unfair, but it's the legislature's role to define those classifications. And in this case, the legislature found that when a person is convicted at the time of 21, based on them being 21, they're less likely to have that rehabilitative potential. And whether we agree with that, I think, is not the material issue. It's whether there was a rational basis for that. And in this case, there was. And this Court has always found that there had been rational, not always. This Court has routinely found that with class-based, I'm sorry, age-based classifications, they're rationally related to a legitimate government interest. If we look at, and I'm going to jump here, to the U.S. Supreme Court, who decided Miller v. Alabama, Graham, and those cases dealing with juveniles, they did the cutoff at 18, if I'm not mistaken. And they talked about how, yes, we're saying 18,  when they commit the crime, or they just turned 18, but again, we can't deal with, when we make these classifications, we can't be as precise as surgeons. And they picked that age because of all of the responsibilities that attach at the age of 18. But didn't Miller, Graham, and Roper all talk about the defendant's age at the time of the commission of the offense? Isn't that what they focused on, the brain's development, when you commit a murder at the age of 16 as opposed to committing a murder at the age of 21? They did. But then, again, we're looking at the principles of why they chose the age 18. And then if we look at the statutes that we're dealing with, the legislators could have easily used a time of offense wording in the statute. And the legislature, in the past 15 years, in the past 20 amendments, could have changed the statute to deal with commission-based offenses, meaning it applies at the time of commission. But the legislature chose not to. The legislature, for the past 15 years, has chose to follow this court's interpretation under Berre, Williams, and Stokes. And I think if you're dealing with statutory construction, you have the primary rules to give effect to the legislature's intent. And what better indicator of the legislature's intent is what they've done since this court has interpreted the statute? And again, for the past 15 years, everyone has been operating under the understanding that conviction meant at the time the defendant was found guilty. There's no reason to follow Douglas' reasoning. Had the legislature intended to follow, intended what Douglas reasoned, they would have easily amended the statute. Because the legislature hasn't, and because the reasoning of Berre, Williams, and Stokes is still sound, we ask that the court continue to follow those and hold that it's not the time of commission or the time of charge that's the output of date. It's the time of conviction. And for these reasons, we ask that you affirm the royal court's decision. If there aren't any more questions. Thank you, Mr. Alexander. Ms. Bowser. Your Honors, the state argues that this has already been decided by these prior decisions. But I would point out that these prior decisions all noted the statute is ambiguous. They've applied lenity to determine that we're going to use the date of conviction rather than sentencing, where this language was vague. But all of these court decisions have recognized it's not clearly written. It's ambiguous.  So to the extent the legislature is willing to follow the state argues they are endorsing the Stokes and Williams decisions, they would be endorsing an acknowledgment of ambiguity. So I think the state overstates what those decisions did. They recognized an ambiguity. They didn't say, no, this is what the legislature intended. They said, we have an ambiguity here. So all of the public decisions that have addressed this have recognized there is an ambiguity there. It's not clear what the legislature intended. What about Mr. Alexander's point that the statute has been amended multiple times after these decisions and the legislature hasn't changed the language of the statute? My only guess would be that this is really applicable to a very small class of defendants. And you have to have had the requisite prior convictions between ages 18 and 20 and then have to have your birthday fall within your trial. So since barring 15 years ago, we've only had three published decisions since on this issue. So I think it's possible this is just such a small class of defendants that we're dealing with here that could be subject to this problem, but it just hasn't come to their attention. Do you guys have any more questions? Not for me. Thank you. All right. Thank you. Thank you very much. The briefs were excellent, as usual. And thank you for your cogent arguments. And we will take the case under advisement.